| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos.,State Bar No. & Email Address<br><br>**NEXUS BANKRUPTCY**<br>BENJAMIN HESTON (297798)<br>100 Bayview Circle #100<br>Newport Beach, CA 92660<br>Tel: 951.290.2827<br>Fax: 949.288.2054<br>*ben@nexusbk.com*<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for: Debtor* | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>**YVONNE GIOVANNA STEWART**<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO: **6:23-bk-10196-SY**<br><br>CHAPTER: **13**<br><br>**NOTICE OF MOTION AND MOTION IN INDIVIDUAL CASE FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE**<br><br>**(with supporting declarations)**<br><br>DATE: **February 15, 2023**<br>TIME: **9:30 AM**<br>COURTROOM: **302**<br>PLACE: **3420 Twelfth Street**<br>         **Riverside, CA 92501** |

**Movant: YVONNE GIOVANNA STEWART**

1. NOTICE IS HEREBY GIVEN to **Fay Servicing, LLC** (Secured Creditor/Lessor), trustee (if any), and affected creditors (Responding Parties), their attorneys (if any), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an order imposing a stay or continuing the automatic stay as to certain creditors and actions described in the motion on the grounds set forth in the attached motion.

2. **Hearing Location:**

   ☐ **255 East Temple Street, Los Angeles, CA 90012**          ☐ **411 West Fourth Street, Santa Ana, CA 92701**
   ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367**      ☐ **1415 State Street, Santa Barbara, CA 93101**
   ☒ **3420 Twelfth Street, Riverside, CA 92501**

3. a.   ☐ This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 1                              **F 4001-1.IMPOSE.STAY.MOTION**

(or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

b. ☒ This motion is being heard on SHORTENED NOTICE. If you wish to oppose this motion, you must appear at the hearing. Any written response or evidence must be filed and served: ☒ at the hearing **OR** ☒ at least **0** days before the hearing.

    (1) ☒ An Application for Order Setting Hearing on Shortened Notice was not required (according to the calendaring procedures of the assigned judge).

    (2) ☐ An Application for Order Setting Hearing on Shortened Notice was filed per LBR 9075-1(b) and was granted by the court and such motion and order has been or is being served upon the appropriate creditor(s) and trustee, if any.

    (3) ☐ An Application for Order Setting Hearing on Shortened Notice has been filed and remains pending. Once the court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

4. You may contact the Clerk's Office or use the court's website (www.cacb.uscourts.gov) to obtain a copy of an approved court form for use in preparing your response (optional court form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: **February 1, 2023**

**NEXUS BANKRUPTCY**
Printed name of law firm (if applicable)

**Benjamin Heston**
Printed name of individual Movant or attorney for Movant

**/s/Benjamin Heston**
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*      Page 2      **F 4001-1.IMPOSE.STAY.MOTION**

# MOTION FOR ORDER IMPOSING A STAY OR CONTINUING THE AUTOMATIC STAY AS THE COURT DEEMS APPROPRIATE

**Movant:** <u>YVONNE GIOVANNA STEWART</u>

1. **The Property or Debt at Issue:**

    a. ☒  Movant moves for an order imposing a stay with respect to the following property (Property):

    ☐ Vehicle *(describe year, manufacturer, type, and model)*:
    Vehicle Identification Number:
    Location of vehicle *(if known)*:

    ☐ Equipment *(describe manufacturer, type, and characteristics)*:
    Serial number(s):

    Location *(if known)*:

    ☐ Other Personal Property *(describe type, identifying information, and location)*:

    ☒ Real Property
    Street Address: **9061 Evonvale Drive**
    Apt./Suite No.:
    City, State, Zip Code: **Corona, CA 92883**
    Legal description or document recording number(include county of recording):

    ☐ See attached continuation page

    The following creditor(s) have a security interest or unexpired lease in this Property (give full name and address of creditor) Fay Servicing LLC (PO Box 814609, Dallas, TX 75381-4609) to secure the sum of approximately $460,000 now owed. (Secured Creditor/Lessor).  Additional creditors who are the subject of this motion, and their respective claims, addresses and collateral, are described on the continuation sheets attached.  *(Attach additional sheets as necessary)*

    b. ☐  Movant moves for an order **imposing a stay** with respect to *any and all actions* against the Debtor and the estate taken concerning the debt/lease owed to the <u>Secured Creditors/Lessors</u> as described in this motion; and/or

    c. ☐  Movant moves for an order **imposing a stay** <u>as to *all creditors*</u>.

    d. ☒  Movant moves for an order **continuing the automatic stay** with respect to any and all actions against the Debtor and the estate taken concerning the debt/lease owed to the <u>Secured Creditor/Lessor</u>, and/or

    e. ☒  Movant moves for an order **continuing the automatic stay** <u>as to *all creditors*</u>.

2. **Case History:**

    a. ☒ A voluntary    ☐ An involuntary petition concerning an individual[s] under chapter    ☐ 7    ☐ 11    ☐ 12

    ☐ 13 was filed concerning the present case on *(specify date)*:

    b. ☐ An Order of Conversion to Chapter    ☐ 7    ☐ 11    ☐ 12    ☐ 13 was entered on *(specify date)*:

    c. ☐ Plan was confirmed on *(specify date)*:

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                                 Page 3                                 **F 4001-1.IMPOSE.STAY.MOTION**

d. ☒ Other bankruptcy cases filed by or against this Debtor have been pending within the past year preceding the petition date in this case. These cases and the reasons for dismissal are:

1. Case name: **In re Yvonne Giovanna Stewart**
   Case number: **6:19-bk-18155-SY**      Chapter: **13**
   Date Filed: **September 16, 2019**     Date dismissed:
   Relief from stay re this Property      ☒ was    ☐ was not granted
   Reason for dismissal:

   **Dismissed for payment delinquency.**

2. Case name:
   Case number:                           Chapter:
   Date Filed:                            Date dismissed:
   Relief from stay re this Property      ☐ was    ☐ was not granted
   Reason for dismissal:

   ☐ See attached continuation page

e. ☒ As of the date of this motion the Debtor ☐ has ☐ has not filed a statement of intentions regarding this Property as required under 11 U.S.C. §521(a)(2). If a statement of intentions has been filed, Debtor ☐ has ☐ has not performed as promised therein.

f. ☒ The first date set for the meeting of creditors under 11 U.S.C §341(a) is/was **February 22, 2023** and the court ☐ has ☒ has not fixed a later date for performance by Debtor of the obligations described at 11 U.S.C.§521(a)(2). The extended date *(if applicable)* is ___.

g. ☒ In a previous case(s), as of the date of dismissal there was:

   ☐ an action by the Secured Creditor/Lessor under 11 U.S.C. §362(d) still pending or

   ☒ such action had been resolved by an order terminating, conditioning, or limiting the stay as to such creditor.
   **Order granting relief pursuant to stipulation.**

3. The equity in the property is calculated as follows:

a) 1. Property description/value: **9061 Evonvale Drive, Corona, CA 92883**      **$910,000**
   2. Creditor/Lien amount: **Fay Servicing**                                     **$460,000**
   3. Creditor/Lien amount: ___                                                   $___
   4. Creditor/Lien amount: ___                                                   $___
   5. Creditor/Lien amount: ___                                                   $___
   6. Total Liens                                                                 **$460,000**
   7. Debtor's Homestead Exemption                                                **n/a**
   8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)  **$450,000**

b) 1. Propery description/value: ___                                              $___
   2. Creditor/Lien amount: ___                                                   $___
   3. Creditor/Lien amount: ___                                                   $___
   4. Creditor/Lien amount: ___                                                   $___
   5. Creditor/Lien amount:                                                       $___
   6. Total Liens                                                                 $___
   7. Debtor's Homestead Exemption                                                $___
   8. Equity in the Property (subtract lines 6 and 7 from line 1 and enter here)  $___

☐ See attached continuation page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                    Page 4                    **F 4001-1.IMPOSE.STAY.MOTION**

4. **Grounds for Continuing the Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(c)(3) the stay should be continued on the following grounds:

   1. ☒ The present case was filed in good faith notwithstanding that a prior single or joint case filed by or against the individual Debtor which was pending within the year preceding the petition date was dismissed, because:

      A. ☒ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

      B. ☒ Good faith is shown because:

      *Prior to August of 2021, Debtor and her elderly mother lived across the street from a home that was occupied by drug addicts who would stay up late making noise, leave trash and drug paraphernalia all over their property and spilling into the streets, and blighted the entire neighborhood. The Debtor decided to remedy the situation by purchasing the home with the intention of cleaning, repairing, and then leasing it. The costs of cleaning and repairing the property totaled approximately $20,000 to $30,000. This was when the Debtor started to fall behind on her payments.*

      *In August of 2021, she defaulted on her mortgage payments which resulted in the Secured Creditor filing a Motion for Relief from Stay in January of 2022. This was quickly resolved through an adequate protection agreement. Around the same time, the Debtor fell behind on two plan payments, which resulted in the Trustee filing a motion to dismiss also in January of 2022.*

      *In response to the Trustee's motion to dismiss, Debtor filed a motion to modify her plan which sought to suspend payments to bring her current, extend the plan, and remain at 100% payment to all creditors. Although the motion was unopposed and the Trustee recommended approval, the Court requested that the motion be set for hearing due to the purchase of real property without Court approval. Debtor, in good faith, was not aware that the purchase was subject to this restriction, and since it was a private sale, the pending bankruptcy was not flagged by a realtor, escrow, or title company. Debtor then sought retroactive approval of the purchase, which the Court denied along with the motion to modify. The Debtor then withdrew her opposition to the Trustee's motion to dismiss, and the Court dismissed the case on April 27, 2022.*

      *In the present case, Debtor intends to pay the arrears on the Corona Property, and her HOA, and all other claims in full. Her long-term goal is to eventually not work so much and comfortably retire to the Corona property. She has the ability and motivation to successfully complete her plan.*

      ☐ See attached continuation page

   2. ☒ The Property is of consequential value or benefit to the estate because:

      A. ☐ The fair market value of the Property is greater than all liens on the Property as shown above in paragraph 3 and as supported by declarations attached *(describe separately as to each property);*.

      B. ☒ The Property is necessary to a reorganization for the following reasons:

      **The default on the Corona Property is the sole purpose of the Debtor filing for Chapter 13.**

      ☐ See attached continuation page

      C. ☒ The Secured Creditor/Lessor's interest can be adequately protected by (describe Movant's proposal for adequate protection:) __

      **Debtor will make all post-petition mortgage payments. 11 U.S.C. § 361(1).**

      **The Property has a substantial equity cushion of almost 100%. The Debtor believes that the Property has a value of approximately $910,000 and the mortgage balance is approximately $460,000. In re Mellor (9th Cir. 1984) 734 F2d 1396.**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 5                         F 4001-1.IMPOSE.STAY.MOTION

☐ See attached continuation page

3. ☒ The presumption of a bad faith filing under 11 U.S.C.§362(c)(3)(C)(i) is overcome in this case as to *all creditors* because:

A. ☐ The prior dismissal was pursuant to the creation of a debt repayment plan. 11 U.S.C.§362(i);

B. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting in dismissal was excusable because such failure was caused by the negligence of Debtor's attorney;

C. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was excusable because __

☐ See attached continuation page

D. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because __

☐ See attached continuation page

E. ☒ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because:

**As noted above, the Debtor's financial problems that lead to the dismissal were temporary and she has since recovered.**

☐ See attached continuation page

F. ☒ **There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows:** __

*Debtor's financial situation has improved dramatically since the dismissal of her prior case. In October of 2021, she obtained her license to work as a vocational nurse. This has resulted in Debtor taking on new jobs at increased pay and increased hours. She is currently working more than 80 hours per week between 3 jobs. At one of her jobs, she is working up to 48 hours per week at $37 per hour. At another job that she has been at for several years, she is working up to 40 hours per week at approximately $25 per hour. As a contracted vocational nurse, she is able to take on around 2 or 3 opportunities per week which pay approximately $280 to $320. Although some of this is fairly new, she is expecting that if she is working at full capacity her gross income per month could be as high as $14,000.*

From this, the court may conclude that this case, if a case under chapter 7, will result in a discharge or, if under chapter 11 or 13, in a confirmed plan that will be fully performed.

☐ See attached continuation page

G. ☐ For the following additional reasons __

☐ See attached continuation page

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 6    **F 4001-1.IMPOSE.STAY.MOTION**

4. ☐ The presumption of a bad faith filing as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(3)(C)(ii) is overcome in this case because ___

   ☐ See attached continuation page

5. **Grounds for Imposing a Stay:**

   a. ☐ Pursuant to 11 U.S.C.§362(c)(4) this case was filed in good faith and grounds exist for imposing a stay as follows:

   1. ☐ The Property is of consequential value or benefit to the estate because the fair market value of the Property is greater than all liens on the property as shown above in paragraph 3 and as supported by declarations attached.

   2. ☐ The Property is of consequential value or benefit to the estate because the Property is necessary to a reorganization for the following reasons: ___.

      ☐ See attached continuation page

   3. ☐ The Secured Creditor/Lessor's interest can be adequately protected by *(describe Movant's proposal for adequate protection)*: ___

      ☐ See attached continuation page

   b. ☐ The present case was filed in good faith notwithstanding that the prior single or joint cases filed by or against the individual Debtor pending within the year preceding the petition date were dismissed, because:

   1. ☐ The prior dismissal was of a case not refiled under chapter 7 after dismissal under 11 U.S.C.§707(b);

   2. ☐ Good faith is shown because ___

      ☐ See attached continuation page

   c. ☐ The presumption of a bad faith filing under 11 U.S.C.§362(c)(4)(D)(i) is overcome in this case as to *all creditors* because:

   1. ☐ Debtor had a substantial excuse in failing to file or amend the petition or other documents as required by the court or Title 11 of the United States Code, resulting in the prior dismissal(s) as follows: ___

      ☐ See attached continuation page

   2. ☐ Debtor's failure to file or amend the petition or other documents as required by the court or Title 11 of the United States Code and resulting dismissal was as the result of the negligence of Debtor's attorney;

   3. ☐ Debtor's failure to provide adequate protection as ordered by the court in the prior case is excusable because ___

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*　　　　　　　　　　　　　　　Page 7　　　　　　　　　　**F 4001-1.IMPOSE.STAY.MOTION**

   ☐ See attached continuation page

4.  ☐ Debtor's failure to perform the terms of a confirmed plan in the prior case is excusable because __

   ☐ See attached continuation page

5.  ☐ There has been a substantial change in the personal or financial affairs of the Debtor since the dismissal of the prior case(s) as follows: __

(from which the Court may conclude that this case, if a case under chapter 7, may be concluded with a discharge or, if under chapter 11 or 13, with a confirmed plan that will be fully performed).

   ☐ See attached continuation page

6.  ☐ For the following additional reasons __

   ☐ See attached continuation page

7.  ☐ The presumption of bad faith as to the Secured Creditor/Lessor under 11 U.S.C.§362(c)(4)(D)(ii) is overcome in this case because __

   ☐ See attached continuation page

6. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto).*

 a. ☐ Movant submits the attached Declaration(s) on the court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to LBRs.

 b. ☐ Other Declaration(s) are also attached in support of this Motion

 c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's(s') Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit __.

 d. ☐ Other evidence *(specify)*: __

7. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE, Movant prays that this Court issue an Order Imposing a Stay and granting the following** *(specify forms of relief requested):*

1. ☒ That the Automatic Stay be continued in effect as to all creditors until further order of the court.

2. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*      Page 8      **F 4001-1.IMPOSE.STAY.MOTION**

3. ☒ That the Automatic Stay be continued in effect as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

4. ☐ That a Stay be imposed as to all creditors until further order of the court..

5. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to the Property until further order of the court.

6. ☐ That a Stay be imposed as to the Secured Creditor/Lessor with respect to actions to collect the debt owed to the Secured Creditor/Lessor until further order of the court.

7. ☐ For adequate protection of the Secured Creditor/Lessor by *(specify proposed adequate protection)* __

8. ☐ For other relief requested, see attached continuation page.

Date: **February 1, 2022**

Respectfully submitted,
**Yvonne Giovanna Stewartt**
Movant Name

**NEXUS BANKRUPTCY**
Firm Name of attorney for Movant (if applicable)

**/s/Benjamin Heston**
Signature

**Benjamin Heston**
Printed Name of Individual Movant or Attorney for Movant

## DECLARATION OF MOVANT

I, Yvonne Giovanna Stewart, am the Debtor and Movant. I have personal knowledge of all matters stated herein. have read the foregoing Motion and could competently testify to the facts and allegations contained herein. I declare under penalty of perjury under the laws of the United States that the foregoing facts and allegations are true and correct.

**2/1/2023**
*Date*

**Yvonne Giovanna Stewart**
*Printed name of declarant*

*Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 9    **F 4001-1.IMPOSE.STAY.MOTION**